Nicholas J. Neidzwski, ABA No. 1805040
ANDERSON CAREY WILLIAMS & NEIDZWSKI
21 Bellwether Way, Suite 104
Bellingham, WA 98225
Telephone: (360) 671-6711
Fax: (360) 647-2943
Email: nick@boatlaw.com
  Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MICHAEL SOMMERFELD,<br><br>  Plaintiff,<br><br>  v.<br><br>O'HARA CORPORATION,<br><br>  Defendant. | Case No.: 3:20-cv-00203-SLG<br><br>**SEAMAN'S COMPLAINT FOR PERSONAL INJURIES AND MAINTENANCE AND CURE** |

Plaintiff Michael Sommerfeld, by and through the undersigned counsel, alleges as follows:

## **GENERAL ALLEGATIONS**

1. Plaintiff is a seaman and brings this action pursuant to the provisions of 28 U.S.C. § 1916 without payment of fees and costs and without deposit of security therefor. This is an action for damages in excess of the jurisdictional limits of this District Court, exclusive of costs and interest.

2. This is seaman's personal injury action arising under 46 U.S.C. § 30104 et seq. (commonly known as the "Jones Act"), and the General Maritime Law pursuant to 28 U.S.C. § 1333(1) as recognized by the courts of the United States and the State of Alaska. This is a case of admiralty and maritime jurisdiction within the meaning of Fed. R. Civ. P. 9(h).

3. Plaintiff is a citizen of the State of Washington, over twenty-one years old, and is properly before this Court.

4. Defendant, O'HARA CORPORATION, is a corporation organized and existing under the laws of the State of Maine with a principal place of business in Seattle, Washington, which is authorized to conduct and at all material times was/is conducting business in the State of Alaska.

5. At all material times hereto, Defendant personally or through an agent:

    a. Operated, conducted, engaged in and/or carried on a business venture in the State of Alaska, and in particular in or about Dutch Harbor, Alaska.

    b. Engaged in substantial business activity in the State of Alaska, and in particular in or about Dutch Harbor, Alaska.

    c. Operated a vessel and provided vessels and/or employees for commercial fishing in the waters of the State of Alaska.

6. At all times material hereto, Defendant owned, operated, maintained, or controlled the F/T DEFENDER (hereinafter "Vessel") and its appurtenances and equipment, and employed and controlled the crew.

ANDERSON CAREY WILLIAMS & NEIDZWSKI, PLLC
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 – Fax (360) 647-2943

7. Pursuant to the General Maritime Law, Defendant owed Plaintiff the absolute and non-delegable duty to provide a seaworthy vessel.

8. Pursuant to the Jones Act and the General Maritime Law, Defendant owed to Plaintiff the non-delegable duty to arrange, provide and pay for prompt, adequate, and complete medical care and treatment for illnesses and/or injuries that Plaintiff may experience while in service to the Vessel.

9. At all times material hereto, Defendant employed Plaintiff as a seaman aboard the Vessel.

10. At all material times hereto, the Vessel operated in navigable waters of the United States.

11. On or about the first week of July, 2017, Plaintiff was working aboard the Vessel in or about the state waters of Alaska and specifically near or about Dutch Harbor, Alaska when he began to experience difficulty swallowing. Plaintiff reported his condition to the first mate of the Vessel and sought medical care. Defendant did not provide prompt and adequate medical examination and treatment to Plaintiff and did not take Plaintiff's complaint seriously. Plaintiff continued to complain about his symptoms, but Defendant ignored him. Defendant did not finally allow Plaintiff to go ashore for treatment until on or about August 25, 2017. As a result of the Defendant's failure to timely allow for diagnosis and treatment of Plaintiff, Plaintiff sustained unnecessary, permanent and debilitating physical and emotional injuries, including but not limited to the permanent loss of his voice.

12. The circumstances surrounding Plaintiff's injury/illness were such that Defendant knew, or should have known, of the hazards, as more fully alleged below, and were legally obligated to warn Plaintiff of the hazards associated with such illness and/or ensure Plaintiff a proper and timely medical evaluation.

13. Plaintiff sought medical care and treatment from Defendant for the above described illness. Defendant did not provide Plaintiff with prompt, adequate and complete medical treatment, medicine, therapy, and/or laboratory testing and analysis, including diagnostic testing. In particular, Plaintiff needed diagnostic testing and appropriate medical treatment for his throat cancer.

14. Defendant's failure to provide Plaintiff with prompt, adequate, and complete medical care and treatment substantially worsened Plaintiff's medical condition. Due to the delay in treatment, Plaintiff experienced additional and unnecessary pain, suffering and medical complications resulting in Plaintiff suffering additional disability and permanent injury.

15. Defendant's failure to provide prompt, adequate, and complete maintenance and cure is willful, arbitrary, and capricious, without any legal justification whatsoever, and in callous disregard for Plaintiff's rights as a seaman.

16. Defendant's callous and indifferent conduct delayed Plaintiff's medical care and treatment and compromised Plaintiff's mental and physical health and well being.

17. Defendant's conduct is conscious, calculated, and deliberate in nature, Defendant knowingly refused to provide Plaintiff with prompt, adequate, and complete medical care and treatment, and knowingly failed to meet its obligation to provide maintenance and cure.

## FIRST CLAIM: <u>UNSEAWORTHINESS</u>

18. Plaintiff re-alleges and re-avers Paragraphs 1 through 17 as if fully set forth here.

19. At all material times, Defendant owned, operated, maintained, or controlled the Vessel, and the appurtenances and equipment, and employed and/or controlled the crew, and/or implemented work practices aboard the Vessel.

20. At all material times, Defendant owed to Plaintiff a non-delegable duty to provide Plaintiff a seaworthy vessel upon which to work.

21. Defendant breached the foregoing duty by failing to provide Plaintiff with a seaworthy vessel on which to work. The Vessel was unseaworthy due to the inadequate training of the crew, the lack of resources necessary to properly diagnose such injuries, and various other unsafe practices with regard to taking crew health complaints/treatment seriously in a prompt manner.

22. As a direct and proximate result of Defendant's breach of the foregoing legal duties and the unseaworthiness of the Vessel, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money,

ANDERSON CAREY WILLIAMS & NEIDZWSKI, PLLC
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

aggravation of previously existing conditions, and medical expenses. These losses and injuries are either permanent or continuing and Plaintiff will suffer these losses and injuries in the future.

## SECOND CLAIM: JONES ACT NEGLIGENCE

23. Plaintiff re-alleges and re-avers Paragraphs 1 through 22 as if fully set forth here.

24. At all material times, Defendant owned, operated, maintained, or controlled the Vessel, and the appurtenances and equipment, and employed and/or controlled the Vessel personnel, and/or implemented medical practices and protocols aboard the Vessel.

25. At all material times, Defendant had a duty to provide Plaintiff with prompt and adequate medical care and treatment.

26. Defendant breached the foregoing duty by failing to provide Plaintiff with prompt and appropriate medical care and treatment by:

    a. Failing to take seriously Plaintiff's reported symptoms;

    b. Failing to properly and adequately diagnose Plaintiff's medical condition;

    c. Failing to prescribe appropriate medication and therapy to Plaintiff;

    d. Failing to promptly and properly schedule Plaintiff with appropriate medical care and treatment;

    e. Failing to refer Plaintiff ashore promptly for medical evaluation, including appropriate diagnostic tests and procedures;

ANDERSON CAREY WILLIAMS & NEIDZWSKI, PLLC
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

  f. Failing to provide Plaintiff with prompt, full and complete medical care and treatment;

  g. Failing to promptly arrange and pay required medical care and treatment when such medical assistance was medically necessary and directly related to the serious injuries suffered and/or exhibited by Plaintiff while in service of the Vessel;

  h. Failing to timely arrange for appropriate diagnostic tests;

  i. Hiring or retaining incompetent crew who used unsafe medical practices in response to Plaintiff's reported symptoms;

  j. Other acts of fault and negligence and wrongdoing which will be proven at the time of trial.

27. As a direct and proximate result of Defendant's breach of the foregoing legal duties, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money, aggravation of previously existing conditions, and medical expenses.  These losses and injuries are either permanent or continuing and Plaintiff will suffer these losses and injuries in the future.

### THIRD CLAIM: MAINTENANCE & CURE

28. Plaintiff re-alleges and re-avers Paragraphs 1 through 27 as if fully set forth here.

29. Plaintiff sustained and/or exhibited injuries while aboard the Vessel.

30. Pursuant to the General Maritime Law, Plaintiff is entitled to recover maintenance and cure from Defendant until Plaintiff reaches the point of maximum medical cure.  Such past and future maintenance and cure include, among other

things, sick wages, lodging expenses, food, beverages, living expenses, travel expenses to and from healthcare providers, the cost of medical care and treatment, therapy, medication, surgery, rehabilitation, mental counseling and other medical expenses.

31. Defendant purposefully refused to promptly and properly arrange for and pay such medical cure despite its knowledge that such is required by law and necessary for the support and medical treatment of Plaintiff. Defendant failed to meet its maintenance and cure obligations, in the following respects, by:

   a. Failing to take seriously Plaintiff's reported symptoms;

   b. Failing to properly and adequately diagnose Plaintiff's medical condition;

   c. Failing to prescribe appropriate medication and therapy to Plaintiff;

   d. Failing to promptly and properly schedule Plaintiff with appropriate medical care and treatment;

   e. Failing to refer Plaintiff ashore promptly for medical evaluation, including appropriate diagnostic tests and procedures;

   f. Failing to provide Plaintiff with prompt, full and complete medical care and treatment;

   g. Failing to promptly arrange and pay required medical care and treatment when such medical assistance was medically necessary and directly related to the serious injuries suffered and/or exhibited by Plaintiff while in service of the Vessel;

   h. Failing to timely arrange for appropriate diagnostic tests;

   i. Hiring or retaining incompetent crew who used unsafe medical practices in response to Plaintiff's reported symptoms;

j. Ignoring and/or unreasonably delaying in responding to Plaintiff's attempts to obtain the prompt and adequate maintenance and cure to which Plaintiff is legally entitled to;

k. Engaging in a pattern of systematic delay, avoidance, and denial designed and intended by Defendant to demoralize, intimidate and defeat Plaintiff from obtaining Plaintiff's basic maintenance and cure obligations;

l. Other acts of fault and negligence and wrongdoing which will be proven at the time of trial.

32. Defendant's failure to pay Plaintiff's maintenance and cure was willful, arbitrary, capricious, in violation of law, and in complete and total disregard of Plaintiff's right as a seaman.

33. As a direct and proximate result of Defendant's breach of the foregoing legal duties, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money, aggravation of previously existing conditions, and medical expenses. These losses and injuries are either permanent or continuing and Plaintiff will suffer these losses and injuries in the future.

**WHEREFORE**, Plaintiff prays judgment against Defendant as follows:

1. For his general damages according to proof;

2. For all expenses for health care providers according to proof;

3. For all loss of income past and future according to proof;

4. For maintenance, cure and unearned wages according to proof;

5. For reasonable attorneys' fees and expenses;

6. For punitive damages according to General Maritime Law;

7. For prejudgment interest according to General Maritime Law;

8. For Plaintiff's costs of suit incurred herein;

9. For such other and further relief as this Honorable Court deems just and fair.

DATED this 21st day of August, 2020.

        ANDERSON CAREY WILLIAMS & NEIDZWSKI

        */s/ Nicholas J. Neidzwski*
        Nicholas J. Neidzwski, ABA No. 1805040
        ANDERSON CAREY WILLIAMS & NEIDZWSKI
        21 Bellwether Way, Suite 104
        Bellingham, WA 98225
        Telephone: (360) 671-6711
        Fax: (360) 647-2943
        Email: nick@boatlaw.com
        Attorneys for Plaintiff